# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLIE ALLEN ABSHER, SR. | ) | CASE NO. 10-70636 |
| | ) | |
| Debtor. | ) | |
| SHARON E. RUSS and | ) | |
| MICHAEL B. RUSS | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Adversary Proceeding No. 10-07039 |
| v. | ) | |
| | ) | |
| CHARLES, a/k/a "CHARLIE", | ) | |
| ABSHER, d/b/a ABSHER SALES | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM DECISION

This adversary proceeding concerns a used car deal which has gone very bad. The Plaintiffs, Michael and Sharon Russ, who are husband and wife, are pursuing a claim against the Debtor, Charles Absher ("Absher"), arising out of their purchase from his used car business of a 1999 Subaru Outback Legacy Outback motor vehicle. Attempting to have their claim against Absher determined to be non-dischargeable, Mr. and Mrs. Russ assert that he is liable to them both for fraudulent misrepresentations made to them prior to their purchase and for alleged violations of the Virginia Consumer Protection Act (Va. Code §§ 59.1-200, et seq.). The Debtor has filed a Motion to Dismiss on several grounds. For the reasons which follow the Court will partially grant and partially deny that Motion, but will grant the Plaintiffs an opportunity to file an amended complaint.

FINDINGS OF FACT

The Complaint alleges that Mr. Russ went to the Debtor's used car lot, was shown the Subaru which he and his wife ended up purchasing, asked various questions about the car, particularly its history, and was given answers which were seriously and materially at odds with the known facts and upon which they both relied in purchasing the vehicle.  It does not specifically claim that Mr. Absher himself made the alleged misrepresentations, but rather alleges in paragraph number two that "[p]rior to July 10, 2002, Plaintiff Michel [sic] Russ went to the lot of Absher Sales, (the terms 'Absher Sales, Defendant and or 'Absher' shall hereafter be deemed to include Charles or 'Charlie' Absher d/b/a Absher Sales, or his agents or employees) to look at a four-wheel drive vehicle to purchase."  In addition to the first count alleging common law fraud, the Complaint also sets forth a second cause of action under the Virginia Consumer Protection Act, specifically alleging as follows:

> 31. The misrepresentations Absher Sales and failures to disclose material factual information regarding the condition, past damage history and title history of the Subaru violated multiple provisions of Section 59.1-200, including, but not limited to, subsections A2, A5, A6, A7, A10, and A14, thereof, which conduct was as follows, to-wit:
> A. Absher intentionally, willfully and wantonly, or negligently misrepresented and/or failed to disclose the accident and damage history of the Subaru;
> B. Absher intentionally, knowingly, willfully and wantonly, or negligently misrepresented the damage history of the Subaru;
> C. Absher intentionally, knowingly, willfully and wantonly, or negligently misrepresented the physical condition of the Subaru;
> D. Absher intentionally, knowingly, willfully and wantonly, or negligently misrepresented the condition and history of the exterior body and/or frame of the Subaru;
> E. Absher intentionally, knowingly, willfully and wantonly, or negligently misrepresented the history of repairs, alterations, modifications and/or services previously performed on the Subaru;

> F. Absher intentionally, knowingly, willfully and wantonly, or negligently misrepresented the title to the Subaru as being a "clean" title; and
> G. Absher intentionally, knowingly, willfully and wantonly, or negligently offered the Subaru (having a salvage title history) for sale without clearly and unequivocally disclosing that said Subaru had a history of accidents and a "salvage" title history.
>
> 32. As a direct and proximate result of Absher's intentional, knowing, wanton and willful or negligent violation of Section 59.1-200 of the Virginia Consumer Protection Act, Plaintiffs suffered damages as described in the *Ad Damnum* clause as stated herein; or, in the alternative are entitled to actual or treble damages pursuant to Section 59.1-204 of the Virginia Consumer Protection Act, plus all attorney fees and costs.

(Compl.¶¶ 31-32.)

The Debtor asserts in his "Memorandum In Support Of The Motion To Dismiss" that the Complaint is defective for the following reasons: (i) Mrs. Russ cannot rely upon representations which according to the allegations were made to her husband when he went to the Absher car lot, (ii) it fails to allege which of the statements were made by Mr. Absher and which of the statements were made by his agent and that for all statements made by the agent it should be alleged that they were made by the agent within the course of his employment for the benefit of Mr. Absher or made with his knowledge, and (iii) the Virginia Consumer Protection Act does not require the level of "knowledge and intent" that is required to make a claim for its violation non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) on the basis of "false pretenses, a false representation, or actual fraud."

## CONCLUSIONS OF LAW

The Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984. This adversary proceeding clearly qualifies as a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it seeks a determination "as to the dischargeability of [a] particular debt[ ]."

As to the first issue raised in the Debtor's Memorandum, the fact that Mrs. Russ was not present at the time that the alleged misrepresentations were made to her husband, the Court concludes that under circumstances where a couple are making a joint purchase and she has authorized him to act on their behalf to select a suitable vehicle,[1] the purported misrepresentations are made to the husband and they rely upon them in making the purchase, and the misrepresentations are material, the law does not require more. What is critical is what statements were actually made, their materiality to the couple, the intent or knowledge with which they were made, and the nature of the purchasers' reliance upon them. That is the case because we are talking about only one transaction which would not have occurred absent the alleged false representations. Counsel for the Debtor has not cited any authority to the Court specifically holding that under similar facts only the purchaser who directly heard the alleged false representations has any right to rely upon them and the Court does not believe that is the state of the law. If the situation were presented where an independent transaction was entered into by the wife on the basis of a misrepresentation made to her husband, a different result might follow, but there is no need to consider a question not necessary for the decision of the controversy actually before the Court. Accordingly, the Motion to Dismiss will be denied as to this ground.

---

[1] In the Court's view the same result would follow if the husband advised the wife of the representations in question and she considered them in connection with the purchase decision.

4

The Court finds that the two remaining grounds asserted by the Debtor have more substance. Federal Rule of Civil Procedure 9(b), made applicable to bankruptcy proceedings in Bankruptcy Rule 7009, requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." While the alleged misrepresentations are set forth in detail, the nature of Mr. Absher's personal conduct is not specified. It is not stated in the Complaint whether misrepresentations were made by Mr. Absher directly to Mr. Russ, or were made by the former to an employee who then related them to the latter, or that the statements were made by a salesman without Mr. Absher's personal knowledge or authorization. If the latter is the case, as counsel observes, the Complaint fails to allege that the statements emanating from the salesman were made within the scope of his employment and for Absher's benefit.

Exactly what "level of 'knowledge and intent'" on the part of the seller is necessary to state a cause of action under the Virginia Consumer Protection Act is not altogether clear. As the Fourth Circuit Court of Appeals has noted in a 2003 decision, in some circumstances restitution and attorney's fees are available even for unintentional violations of that Act. *See Nelson v. Cowles Ford, Inc.*, 77 Fed.Appx. 637, 643, 2003 WL 22293597 (4th Cir. 2003) (citing Va. Code Ann. § 59.1-207), as well as actual damages and attorney's fees for "non-willful" violations. *Id.* (citing § 59.1-204). The allegations contained in the second count of the Complaint relating to this cause of action claim that the misrepresentations made in the sale of the Subaru resulted from, alternatively, intentional fraud or negligence. While a violation of the Act which results in a loss originating from intentional misrepresentation of material facts upon which the purchasers justifiably relied would clearly qualify as a non-dischargeable obligation, the Court concludes that one which results from mere negligence would not be so classed.

Accordingly, the Court will grant the Motion to Dismiss as to the second count to the extent that it seeks a determination of non-dischargeability for a violation of the Virginia Consumer Protection Act arising from the negligence of the Debtor or his employee.

## CONCLUSION

For the reasons above noted, the Court will grant the Motion to Dismiss to the extent noted. In addition it will grant leave to the Plaintiffs to file an amended complaint within 21 days of this decision to which the Debtor shall respond within 35 days of the date of this decision. Promptly thereafter counsel for the Plaintiffs shall contact opposing counsel and the Court to schedule a further pre-trial conference by telephone. An order to this effect will be entered contemporaneously herewith.

This 28th day of October, 2010.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE