IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLIE ALLEN ABSHER, SR. | ) | CASE NO. 10-70636 |
| | ) | |
| Debtor. | ) | |
| | | |
| SHARON E. RUSS and | ) | |
| MICHAEL B. RUSS | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Adversary Proceeding No. 10-07039 |
| v. | ) | |
| | ) | |
| CHARLES, a/k/a "CHARLIE", | ) | |
| ABSHER, d/b/a ABSHER SALES | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM DECISION

Pursuant to this Court's Memorandum Decision dated October 28, 2010 (docket entry # 20),[1] which partially sustained and partially denied the Defendant's Motion to Dismiss the original Complaint filed in this adversary proceeding, the Plaintiffs, having been granted in such decision leave to file an amended complaint, did so on November 17, 2010. To this pleading the Defendant has filed both an Answer and a new Motion to Dismiss. For the reasons which follow, the Court will deny the Motion to Dismiss the Amended Complaint.

The Defendant, who is the Debtor in this bankruptcy case, asserted in his original Motion to Dismiss that the Plaintiffs failed to particularize their allegations of fraud made against him in

---

[1] The issues presented by the initial pleadings and the contentions made by the parties are set forth in that Memorandum Decision, which is hereby incorporated by reference into this decision.

Count One of the original Complaint and to make clear whether the acts alleged were attributed to him or to his salesman with whom Mr. Russ dealt, and with respect to any wrongful actions attributed to the salesman, that they were committed during the course of his employment with Mr. Absher and were for the latter's benefit. This Court granted the Debtor's Motion to Dismiss the first count upon the grounds so asserted. The Court also granted the Motion to Dismiss Count Two, which asserted a cause of action under the Virginia Consumer Protection Act, on the ground that its alternative allegation of a negligent violation of the Act was not sufficient to make out a claim for non-dischargeability under 11 U.S.C. § 523(a)(2).

In their Amended Complaint the Plaintiffs set forth their allegations in considerably greater detail than was the case in their original pleading. It appears that the Plaintiffs' dealings were principally, if not entirely, with the Debtor's salesman, Jeff Curtis. The Amended Complaint specifically alleges that Curtis was acting at the Debtor's direction, in the course of his employment, and for the benefit of both the Debtor and himself in connection with his alleged false representations as to material facts which the Plaintiffs relied upon in deciding to purchase the vehicle from the Defendant. They further allege that they sustained damages "[a]s a direct and proximate result of Absher's intentional, knowing, wanton and willful violation of Section 59.1-200 of the Virginia Consumer Protection Act."

The Defendant takes issue with the legal sufficiency of the Amended Complaint on the following grounds:

> 1. [The Complaint] [f]ails to allege that the key factor in the entire complaint, the failure to provide a "Car Fax[,]" was done with the defendant's knowledge or that he should have known that one was requested. Nor does the Amended Complaint allege reckless indifference. . . .

    2. Further, the pleadings in paragraphs 6 and 7 state that Curtis made statements to address the concerns of Russ alleging his Christian belief and it was these Christian affirmations that made Russ relent in his request for a "Car Fax[.]" [] Also here there is no assertion that the Defendant ever knew that Curtis made these statements nor any assertion that the Defendant should have known of these statements or that he abstain from all responsibility. This was the statement that caused the loss according to the Plaintiff and there is no assertion that the Defendant had anything to do with these statements.

Relevant portions of the specific allegations relevant to these contentions from the Amended Complaint are:

    2. f. On the date of the visit of Michael Russ to Absher Sales, as alleged in this Complaint, Jeff Curtis was the agent and/or employee of Charlie Absher d/b/a Absher Sales, acting at the direction of and for the benefit of Charlie Absher and acting within the scope of employment of Charlie Absher, d/b/a Absher Sales.

    3. Absher, acting by and through Jeff Curtis, his employee and agent, showed a 1999 Subaru to Michael Russ, a prospective purchaser of the vehicle owned by Absher, which emanated a 'new paint' odor.

        a. Michael Russ inquired about the paint odor he noticed emanating from the Subaru;

        b. Curtis, acting, at all times relevant to this Complaint, as agent for Absher, within the scope of his employment and upon the direction of Absher, showed Russ the 1999 Subaru vehicle for the purpose of selling the vehicle to Russ for the benefit of Absher and himself;

        c. Absher had previously obtained a CarFax on the 1999 Subaru which disclosed the damage and salvage title history of the 1999 Subaru.

    4. Upon the inquiry from Michael Russ, Curtis, at the direction of Absher and with his knowledge and consent at all relevant times hereafter, stated that the Subaru had recently been painted but that it had only been involved in a fender bender, with minor damage.

    . . . .

3

> 14. Absher knowingly and intentionally failed, with knowledge that the Subaru had been issued at least one salvage title, to file a Form VSA 59, "Rebuilt Salvage Vehicle Disclosure Statement[,]"[] relating to the 1999 Subaru, as required by Virginia law.

Counsel for the Plaintiffs in their Response to the Motion to Dismiss [the Amended Complaint] characterize these allegations as follows:

> 1. A. The Amended Complaint, Count I and II, states the particularity of facts to demonstrate that Absher was aware of and directed the actions of Curtis relating to the showing of the 1999 Subaru and the presentation to Russ for signature of the paper stating that: "Customer is aware of paint work on 99 Subaru 7/10/02"; and the failure to provide a CarFax to Russ;
>
> B. Absher, with knowledge of the salvage title and damage history of the 1999 Subaru, was actively involved in the scheme to defraud, make multiple misrepresentations and fail to disclose the damage and repair history of the 1999 Subaru to Russ:
>
>> i. Absher had constructive knowledge that the 1999 Subaru had been seriously damaged in a collision;
>>
>> ii. that it had been issued a salvage title;
>>
>> iii. that it had been repaired;
>>
>> iv. that Plaintiff Michael Russ was intentionally misled by Curtis, at the direction of Absher, to believe that the vehicle had experienced only a minor accident requiring repainting;
>>
>> v. that the fraud and affirmative misrepresentations as well as the failure to disclose information as to the damage history of the 1999 Subaru were material to the value of the vehicle; and,
>>
>> vi. that Michael and Sharon Russ relied to their detriment on the fraudulent misrepresentations and failure to disclose known facts about the Subaru.

It is true that some of the allegations of the Amended Complaint are subject to varying interpretations as to the Debtor's level of knowledge and personal involvement in the alleged

misrepresentations the Plaintiffs claim were made.  Based, however, on such complaint's allegations noted above and the understanding and meaning given to them by the Plaintiffs' own counsel in the Response quoted above, the Court finds that the Amended Complaint does allege that the failures to provide a "Car Fax" report to the Plaintiffs, to reveal the vehicle's "salvage title" history, and to disclose such vehicle's actual condition were all "at the direction of" and therefore intentional on the Debtor's part.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984.  This adversary proceeding clearly qualifies as a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it seeks a determination "as to the dischargeability of [a] particular debt[ ]."

The Court concludes that, based upon its Findings of Fact noted above, the contentions made in the Motion to Dismiss are not supported.  Accordingly, such Motion will be denied. This ruling is without prejudice to such arguments as the parties may wish to put forward at the conclusion of the evidence at trial regarding the culpability of the Debtor's personal conduct, his responsibility for the actions of his salesman, and the dischargeability of any liability he may have to the Plaintiffs under non-bankruptcy law.

Decided this 6th day of January, 2011.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE